UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
PNEUMO ABEX CORPORATION, *et al.*,  )
                                    )
      Plaintiffs,                  )
                                    )
      v.                           )   Civil Action No. 82-2098 (PLF)
                                    )
MARYLAND CASUALTY COMPANY, *et al.*,)
                                    )
      Defendants.                  )
_____ )


MEMORANDUM OPINION AND ORDER

      It has come to the Court's attention that the vast majority of documents filed in this action – including, for example, motions for extensions of time – are filed under seal. It appears that the parties are filing documents under seal pursuant to the Stipulation and Protective Order approved by Judge Penn on January 31, 1985.

      As a general rule, the courts are not intended to be, nor should they be, secretive places for the resolution of secret disputes. See, e.g., Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."); Johnson v. Greater Southeast Community Hosp., 951 F.2d 1268, 1277 (D.C. Cir. 1991) (noting that there is a "strong presumption in favor of public access to judicial proceedings"); United States v. Hubbard, 650 F.2d 293, 317 n. 89 (D.C. Cir. 1980) (holding that the trial court's discretion to restrict access to court records should "clearly be informed by this country's strong tradition of access to judicial proceedings"). Given the policy in favor of public access, and the

ease with which potentially confidential information may be redacted from documents before they are filed publicly, the Court concludes that this case can and should be open to the public to the greatest extent possible going forward. Thus, while the Court will not unseal documents that have already been filed under seal, it will no longer permit any and all documents to be filed under seal. Nor will it permit documents that contain easily redacted confidential information to be filed under seal in their entirety.[1] Accordingly, it is hereby

ORDERED that any and all protective orders entered in this case since its inception are amended to incorporate the procedures described below; it is

FURTHER ORDERED that the parties will cease filing under seal documents that contain no confidential information; it is

FURTHER ORDERED that, in the future, all documents of any nature, including motions and briefs, that contain confidential material a party proposes to keep under seal shall be filed with the Court under seal in an envelope or other container marked with the title of the action, the title of the court filing which contains the confidential material, and the statement "FILED UNDER SEAL" below the court; it is

FURTHER ORDERED that within five business days a party filing such documents with the Court shall *also* file on the public record a copy of the documents in which the confidential material is redacted. Alternatively, if – *and only if* – the redactions are so extensive as to render the documents useless to the reader, the party shall file on the public

---

[1] Indeed, the 1985 protective order appears to contemplate a similar approach. See Abex Corp. v. Maryland Casualty Co., Civil Action No. 82-2098, Stipulation and Order at 7, ¶ 11 (D.D.C. Jan. 31, 1985) ("When possible, only confidential portions of filings with the Court shall be filed under seal.").

record a notice of the filing of the documents under seal in their entirety; and it is

        FURTHER ORDERED that redactions to public copies of documents shall be made solely to the extent necessary to preserve the confidentiality of the relevant information and in accordance with the principles set forth in this Memorandum Opinion and Order.

        SO ORDERED.

        /s/_____
        PAUL L. FRIEDMAN
        United States District Judge

DATE: August 1, 2008